CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

2018 OCT 16  AM 10: 56

DEPUTY CLERK___

| | | |
|---|---|---|
| MITCHELL WAGNER, | ) | |
| TDCJ ID # 01543049, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 1:15-CV-177-BL |
| TEXAS DEPARTMENT OF | ) | |
| CRIMINAL JUSTICE, *et al.,* | ) | |
| Defendants. | ) | Assigned to U.S. Magistrate Judge |

## REPORT AND RECOMMENDATION

This case was reassigned to the United States Magistrate Judge under Second Amended Special Order No. 3-301. Although notified of the right to consent to the disposition of this case by a magistrate judge under 28 U.S.C. § 636(c), all parties have not consented, and therefore the undersigned magistrate judge enters this report and recommendation under the authority of 28 U.S.C. 636(b). Based on the relevant filings and applicable law, Defendant Stanley J. Baldwin's motion to partially dismiss should be granted such that Plaintiff's claims under the Texas Religious Freedom Restoration Act (TRFRA) should be dismissed for lack of subject matter jurisdiction, Plaintiff's Motions for the State to Produce Defendants' Addresses and Plaintiff's Motion for Summary Judgment should be denied, and Plaintiff's claims against the remaining defendants should be dismissed for lack of prosecution. After entry of this report and recommendation, the case should be reassigned to Senior United States District Judge Sam R. Cummings.

## I. PROCEDURAL BACKGROUND

Plaintiff Mitchell Wagner, acting *pro se*, filed this lawsuit under 42 U.S.C. § 1983 seeking relief from over 25 defendants. Complaint (doc. 1). In response to a Court order, Wagner filed a more definite statement of his claims. More Definite Statement (MDS) (doc. 22). The Court also

conducted a hearing under *Spears v. McCotter*, 766 F.2d 179, 181-82 (5th Cir. 1985). Minute Entry

(doc. 31). Through separate orders of partial dismissal and judgments issued under Federal Rule of

Civil Procedure 54(b) the Court dismissed some of Plaintiff's claims against the majority of the

defendants under authority of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Orders of Partial Dismissal

(docs. 26, 34); Rule 54(b) Judgment's (docs. 27, 35). The Court then authorized issuance of service

of process of Wagner's claims that his rights to practice his religion have been violated under the

First Amendment, under the Religious Land Use and Institutionalized Persons Act (RLUIPA) and

under the TRFRA; and Wagner's claims that he has been the subject of racial discrimination in

violation of the equal protection clause of the Fourteenth Amendment. *See* Order Regarding Service

Upon Remaining Defendants (doc. 36) (citing Complaint (doc. 1) and More Definite Statement

(doc. 22).) The remaining defendants upon which the Court allowed issuance of service of process

are Archie D. Scarborough, Keith F. Meeks, Stanley J. Baldwin, Richard Burgess, James Finley,

Clayton Wheeden, and the Texas Kairos Organization. *Id.* Defendant Stanley J. Baldwin has

appeared through a motion for partial dismissal for lack of subject matter jurisdiction. Mot. Partial

Dismiss (doc. 40). The remaining defendants have not yet been served.

## II. BALDWIN'S MOTION FOR PARTIAL DISMISSAL

A.    **Standard for a Motion to Dismiss under Rule 12(b)(1)**

Defendant Baldwin moves to dismiss Wagner's claims pursuant to the TRFRA for want of

jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Brief in Support (doc. 41). "When a

Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider

the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Randall D.*

*Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011). A claim may not be dismissed

for lack of subject matter jurisdiction unless the claim is "so insubstantial, implausible, foreclosed

by prior decisions of [the Supreme Court], or otherwise completely devoid of merit as not to involve

a federal controversy." *ACS Recovery Services, Inc. v. Griffin*, 723 F.3d 518, 523 (5th Cir. 2013)

(citations omitted). A court may find lack of subject matter jurisdiction based on any one of the

following: (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced

in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of

disputed facts. *Ramming v. United States,* 281 F.3d 158, 161 (5th Cir. 2001). "The party asserting

jurisdiction bears the burden of proof for a 12(b)(1) motion to dismiss." *Wolcott*, 635 F.3d at 762.

**B.    The Court lacks subject-matter jurisdiction over Plaintiff's TRFRA claim.**

TRFRA provides a remedy for a person who successfully asserts a claim that his rights of free

exercise of religion are violated. Tex. Civ. Prac. & Rem. Code Ann. § 110.005(a) (West 2011).

TRFRA provides that a cause of action for damages or declaratory or injunctive relief must be

brought against the defendant in the defendant's official capacity and not in his individual capacity.

Tex. Civ. Prac. & Rem. Code Ann. § 110.005(d) (West 2011). The Eleventh Amendment bars a suit

against an individual for damages in federal court. The Eleventh Amendment bars suit in federal

court against a state, or one of its agencies or departments, regardless of the nature of relief

requested. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Neither Congress

nor the State of Texas has waived Eleventh Amendment immunity with regard to § 1983 cases. *See*

*Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989) ("Congress, in passing § 1983, had

no intention to disturb the States' Eleventh Amendment immunity. . . ."). Additionally, a suit for

damages against a state official in his official capacity is not a suit against that individual, but a suit

against the state. *Hafer v. Melo*, 502 U.S. 21, 25 (1991).

3

Because a suit seeking relief under the TRFRA must be brought against the individual in his official capacity, the State of Texas is the real party in interest. *See generally Pennhurst,* 465 U.S. at 101-02, 120-21 (noting that the general rule is that relief sought nominally against the officer is in fact against the sovereign if the decree would operate against the latter) (citations and footnote omitted). State law cannot be the basis on which a federal court either enters an injunction or an award of monetary relief against a state. *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 322 n.5 (5th Cir. 2009), *aff'd, Sossamon v. Texas,* 563 U.S. 277 (2011) (citing *Pennhurst*, 465 U.S. at 117) ("The reasoning of our recent decisions on sovereign immunity thus leads to the conclusion that a federal suit against state officials on the basis of state law contravenes the Eleventh Amendment."). Accordingly, Wagner's claims brought under the TRFRA should be dismissed for lack of subject matter jurisdiction. *See McKennie, v. Tex. Dep't of Crim. Justice*, No. A-09-ca-906-LY, 2011 WL 13237553, at * 3, *9 (W.D. Tex. May 24, 2011)(dismissing TDCJ inmate's claims under the TRFRA for want of jurisdiction). Baldwin's motion for partial dismissal should be granted.[1]

## III. DISMISSAL OF UNSERVED DEFENDANTS

### A.    Status of Efforts by Attorney General and Court to Serve Defendants

As noted, Stanley Baldwin has appeared in this case. None of the other remaining Defendants has appeared, nor has the Court's effort to have the United States Marshal attempt to serve process on two of the Defendants been successful. The Court began its efforts to obtain service by issuing

---

[1]"The Fifth Circuit has recognized that when one defending party establishes that the plaintiff has no cause of action, the defense generally inures also to the benefit of other similarly situated defendants." *Valencia v. Livingston, Et Al.,* No. 9:13-cv-043, 2016 WL 5339705, at *18 (E.D. Tex. Sep. 2, 2016) (noting that unserved defendant TDCJ employees were entitled to the benefit of the summary judgment motion of other defendants)(citing *Lewis v. Lynn,* 236 F.3d 766, 768 (5th Cir. 2001) (quoting *United States v. Peerless Ins. Co.*, 374 F.2d 942, 945 (4th Cir. 1967) (internal citations and other citations omitted), *rep. and rec. adopted*, 2016 WL 5118648 (E.D. Tex. Sep. 20, 2016). Thus, Wagner's claims under the TRFRA against any remaining defendant should be dismissed.

4

an order, on May 3, 2018, directing the Texas Attorney General (AG) to enter an appearance on behalf of those TDCJ defendants that were previously employed or still employed. (Doc. 36.)

(1).     Defendants Finley, Wheeden, and the Kairos Organization

On June 11, 2018, the AG informed the Court that Defendants James Finley, Clayton Wheeden and the Kairos organization were never employees of TDCJ, and that the AG did not have an address for these Defendants. *Amicus* Mot. Seal at 1, n.1 (doc. 42) . The Court then, by order entered on June 13, 2018, directed Wagner to provide an address for service of process upon Defendants James Finley, Clayton Wheeden, and the Kairos organization. (Doc. 46.) On June 27, 2018, Wagner filed a document in which he proposed that the Kairos organization could be served at a Post Office Box address, and that individuals Finley and Wheeden be served through another individual named Dennis Berry. (Doc. 51). But in an order filed on August 6, 2018, the Court denied Mitchell's requests to effect service in such manner, and informed Wagner of the reasons that Dennis Berry could not be the agent for service of process on behalf of the Kairos organization or Finley and Wheeden. (Doc. 60.) The Court then extended the time for Mitchell to provide a proper agent and address for service upon the Kairos organization, and an address for service of process on Finley and Wheeden, until **August 27, 2018.** (Doc. 60.)

(2).     Defendant Richard Burgess

On June 22, 2018, the AG informed the Court that Richard Burgess was never an employee of TDCJ and that TDCJ did not have an address for service of process upon him. (Doc. 48.) The Court then on June 25, 2018 directed Wagner to provide an address for service of process on Burgess by no later than July 25, 2018, and advised Wagner that failure to provide an address for service upon Burgess could result in the dismissal of Wagner's claims against Burgess. (Doc. 49.) The

Court then extended the time for Wagner to comply until **August 27, 2018.** (Doc. 60.)

      (3).    Defendants Archie D. Scarborough and Keith Meeks

The Court also previously ordered the AG to provide addresses for service of process upon defendants Archie D. Scarborough and Keith D. Meeks. (Doc. 45) The AG complied, by providing addresses under seal, but the deputy United States Marshal has filed returns of service, un-executed, showing that Meeks no longer resides at the address provided, and that though the officer attempted service upon Scarborough several different times, no one was ever home or returned contact to the Marshal's office. (Docs. 50, 52, and 55.) The Court subsequently ordered the AG to provide any additional address information for Scarborough or Meeks, but in response, the AG informed the Court on July 25, and August 1, respectively, that the AG's office had no address update or further information to assist in service upon these two individuals. (Docs. 58, 59.) Thus, as with the other unserved defendants, the Court again provided Wagner additional time to provide any additional addresses for service of process upon Defendants Scarborough and Meeks by no later than **August 27, 2018**. (Doc. 60.)

**B.    Plaintiff's Motions for the State to Produce Defendants' Addresses and for Summary Judgment for Failure to Appear.**

Rather than comply with the Court's orders to provide any additional address information for these unserved defendants, Wagner filed two motions on August 28, 2018. First, Wagner filed a Motion for the State to Produce all Defendants [sic] Addresses. (Doc. 62.) By the motion, Plaintiff seeks Defendants' addresses pursuant to Texas Rule of Civil Procedure (TRCP) 538. Mot. State Produce Addresses, at 1-2 (doc. 62). Not only was TRCP 538 repealed by Order of April 15, 2013 (Tex. Sup. Ct. Order. Misc. Docket No. 13-9049), it is not applicable to federal court proceedings. Additionally, Defendants' address information is subject to an exception to the Texas Open Records

6

Act for "information that relates to the home address, home telephone number . . . [and other contact information of a] "current or former employee of the Texas Department of Criminal Justice . . . " Tex. Gov't Code Ann. § 552.117(a)(3) (West Supp. 2017). Under that Act, release of such information to a person not eligible to receive it is a criminal offense. Tex. Gov't Code Ann. § 552.352(a) and (b) (West 2012).

Moreover, as recounted above, the AG's Office has already diligently attempted to obtain current addresses for these defendants, pursuant to this Court's prior orders, and was unable to do so. As provided in the Court's last order for Wagner to provide addresses for service, it remains his obligation to provide addresses for service. For all of these reasons, Wagner's Motion for the State to Produce All Defendants Addresses should be denied.

Plaintiff also filed a motion for summary judgment based upon the Defendants failure to appear in this case. (Doc. 63.) Summary judgment is a favored method for resolving cases in which no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *See, e.g.*, *Celotex v. Catrett*, 477 U.S. 317, 327 (1986) ("Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole[.]"). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A dispute] is 'genuine' if it is real and substantial, as opposed to merely formal, pretended, or a sham." *Bazan v. Hidalgo Cnty.*, 246 F.3d 481, 489 (5th Cir. 2001) (citation omitted). A fact is "material" if it "might affect the outcome of the suit under governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of

7

material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citation omitted).

Plaintiff's Motion for Summary Judgment for Failure to Appear is without merit. Plaintiff has an obligation per this Court's order to provide the listed Defendants' addresses. (Doc. 60.) Plaintiff does not explain in this motion his failure to adhere to his Court-ordered obligation. (Doc. 63.) Plaintiff cites no case law and provides no legal theory in his motion, nor does he suggest any valid legal basis through which he can obtain summary judgment. In this regard, as noted throughout this report and recommendation, other than Baldwin, no remaining Defendant has yet been served in this matter. Plaintiff cannot take a summary judgment against a defendant that has not even appeared in this case. Accordingly, Plaintiff's Motion for Summary Judgment for Failure to Appear should be denied.

## C.    Federal Rule of Civil Procedure 41(b).

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). The Court repeatedly warned Wagner that it was his obligation to obtain and provide addresses for service of process on the remaining Defendants, and informed him that failure to do so could result in the dismissal of his claims against the remaining defendants for lack of prosecution under Rule 41(b). Because Wagner has failed to provide addresses in response to the Court's orders, his claims against the remaining unserved Defendants should be dismissed without prejudice for lack of prosecution.

## IV. RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that Defendant Stanley Baldwin's motion for partial dismissal (doc. 40) be **GRANTED**, such that all Plaintiff Wagner's claims under the Texas Religious Freedom Restoration Act (TRFRA) be **DISMISSED** for lack of jurisdiction. It is further **RECOMMENDED** that Plaintiff Wagner's motions for the state to produce all Defendants' addresses (doc. 62), and for summary judgment (doc. 63), be **DENIED**. It is further **RECOMMENDED** that all Plaintiff's claims against the remaining unserved Defendants, that is Archie D. Scarborough, Keith F. Meeks, Richard Burgess, James Finley, Clayton Wheeden, and the Texas Kairos organization, be **DISMISSED** without prejudice under Federal Rule of Civil Procedure 41(b).

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law.

Any party may object to this Report and Recommendation. A party who objects to any part of this Report and Recommendation must file specific written objections within fourteen (14) days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and identify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. The failure to file specific written objections will bar the aggrieved party from attacking on appeal the factual findings, legal conclusions, and recommendation set forth by the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superceded by statute on other grounds,* 28

U.S.C. § 631(b)(1) (extending the time to file objections from ten to fourteen days), *as recognized in ACS Recovery Servs., Inc. V. Griffin*, 676 F.3d 512, 521 n. 5 (5th Cir. 2012).

**SO ORDERED**.

Signed October **16**, 2018.

E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE

10